UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| IN RE:                          ) | |
|    Kurtis J. Bergstrom          ) | |
|                                           ) | Case No. 14-81479 |
|                                           ) | |
|        Debtor-in-Possession     ) | Chapter 13 |

## RESPONSE TO MOTION TO VACATE

NOW COMES Kurtis J. Bergstrom, by his attorneys, Katz Nowinski P.C., and for his Response to Motion to Vacate, states:

1. While the Chapter 13 Debtor-in-Possession does not take issue with most of the dates stated in the Motion to Vacate, the incorrect and cavalier assertions of misrepresentation are blatantly incorrect.

2. Nationstar had an original problem which was resolved.

3. Thereafter, Nationstar specifically was concerned about a $4.80 differential in the monthly payment and requested counsel rectify that.

4. In January of 2015, the undersigned counsel indicated that he thought the $4.80 issue could be resolved directly in the confirmation order. This was acceptable. Thereafter, the Court entered the confirmation order before the new amended order was sent to Chapter 13 Trustee Marsha Combs-Skinner for review.

5. On February 5, 2015 the undersigned counsel wrote to Evan Moscov, attorney for the movant, "The Court entered the order before I could get one to Marsha (Chapter 13 Trustee) for review. If you really needed it, we could stipulate. Did you want to send me a draft stipulated order?" This was counsel's good faith effort to resolve the issue. A true and correct copy of the email is attached hereto as Exhibit 1.

6. Mr. Moscov responded on February 5, 2015, "I do. That was our agreement and it was not fulfilled. Otherwise, I would have filed an objection." A true and correct copy of that February 5 email is a part of Exhibit 1.

7. After Mr. Moscov indicated that **he** would send a stipulated order to the undersigned counsel, the undersigned counsel did not make further proposals.

8. Now, months later, movant's attorney accuses the debtor (apparently he means the Debtor's counsel) of "misrepresentation". It might well be that Mr. Moscov thought that the above meant something other than what was written. That hardly means that the undersigned counsel "misrepresented" anything.

9. Based on the above, his motion should be denied, and any other rights reserved to Chapter 13 Debtor-in-Possession.

10. Having said that, counsel desires that all 3 interested parties (the debtor's attorney, the Chapter 13 trustee or her attorney, and the movant's attorney) agree to such langauge in an amended order that does not require the debtor's

attorney to endlessly draft amendments, etc. and grant a reasonable time to do so.

WHEREFORE, Kurtis J. Bergstrom, Chapter 13 Debtor-In-Possession, requests that this Court deny the Motion to Vacate, enter an order granting a reasonable time for an agreed order to be circulated without the need for a hearing, reserve any other rights, and for such other and further relief as the Court may deem just and proper.

        Kurtis J. Bergstrom,
        Chapter 13 Debtor-in-Possession,

By: _____
    Dale G. Haake (03124381)

Katz Nowinski P.C.
1000 36th Avenue
Moline, IL 61265
Phone: 309-797-3000
Email: dhaake@katzlawfirm.com
S:\DGH\PLEAD\Bergstrom.Response.Mtn.Vacate.docx

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I electronically filed on March 30, 2015, a true and correct copy of a Response to Motion to Vacate with the Clerk of the Court using the CM/ECF system which sent notification of such filing to those receiving electronic notice and to the following:

Marsha Combs-Skinner, Chapter 13 Trustee
marsha@danville13.com

United States Trustee
USTPRegion12.DM.ECF@usdoj.gov

Evan Lincoln Moscov on behalf of Creditor Nationstar Mortgage, LLC
evan.moscov@moscovlaw.com, ADVNotices@w-legal.com

**Courtesy copy to:**
Kurtis J. Bergstrom

/s/ Dale G. Haake
Dale G. Haake (03124381)
Katz Nowinski P.C.
1000 36th Avenue
Moline, IL 61265
Phone: 309-797-3000
dhaake@katzlawfirm.com
S:\DGH\PLEAD\Bergstrom.COS.docx

**Erin Brooks**

| | |
|---|---|
| **From:** | Evan Moscov <EvanM@w-legal.com> |
| **Sent:** | Thursday, February 05, 2015 2:15 PM |
| **To:** | Erin Brooks |
| **Cc:** | Dale Haake; kurtisbergstrom@yahoo.com; marsha@danville13.com |
| **Subject:** | RE: Bergstrom |

I do. That was our agreement and it was not fulfilled. Otherwise, I would have filed an objection.

Evan Lincoln Moscov
Weinstein & Riley, P.S.
469 W. Huron Street, Ste. 1701
Chicago, IL 60654
Tel.: (312) 255-7996
Cell:(312) 969-1977

NOTICE:  Pursuant to Federal Law, you are notified that this communication is from a debt collector and any information obtained will be used for that purpose.

NOTE: The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know AT ONCE.

**From:** Erin Brooks [mailto:EBrooks@katzlawfirm.com]
**Sent:** Thursday, February 05, 2015 10:58 AM
**To:** Evan Moscov
**Cc:** Dale Haake; kurtisbergstrom@yahoo.com; marsha@danville13.com
**Subject:** Bergstrom

Evan:

The court entered the order before I could get one to Marsha (Chapter 13 Trustee) for review.  If you really needed it, we could stipulate.  Did you want to send me a draft Stipulated Order?

Please advise.

Very truly yours,
Dale G. Haake, Attorney
Katz | Nowinski P.C.
1000 36th Avenue
Moline, IL 61265
Direct: 309-277-3364
Fax: 309-797-3330
dhaake@katzlawfirm.com



EXHIBIT 1

www.katzlawfirm.com

This communication is for the intended recipient only. This communication may contain information that is privileged, confidential and exempt from disclosure under applicable law and constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. 2510. If you are not the intended recipient, you are hereby notified that any unauthorized use, dissemination, distribution or copying of this communication is strictly prohibited and may subject you to criminal or civil penalty. If you have received this communication in error, please notify us immediately by email, delete the message, and destroy any copies.